# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GN NETCOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLANTRONICS, INC., <br><br> Defendant. | C.A. No. 12-1318-LPS |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **October, 2017**, having reviewed the proposed pretrial order and exhibits to it (D.I. 490) ("PTO"), **IT IS HEREBY ORDERED** that:

1. Plaintiff GN Netcom, Inc.'s ("GN" or "Plaintiff") motion *in limine* ("MIL") No. 1, to preclude certain expert evidence, is **DENIED**. The Court is not persuaded that the timing or nature of the evidence in dispute was improper; in any event, the circumstances (including as measured by application of the *Pennypack* factors) do not warrant the exclusion sought.

2. GN's MIL No. 2, to preclude evidence or arguments concerning exclusive dealing arrangements in other industries, is **DENIED**. Defendant Plantronics, Inc. ("Plantronics" or "Defendant") agrees not to argue or suggest that just because exclusive dealing arrangements are lawful in some markets that they are lawful in the relevant market. The purposes for which Plantronics proposes to draw comparisons to other markets are relevant and the probative value is not substantially outweighed by the competing concerns of Fed. R. Evid. 403. GN may propose a jury instruction – to the effect that behavior which might otherwise comply with antitrust law may be impermissibly exclusionary when practiced by a monopolist – should it

1

believe one is warranted to reduce the risk of juror confusion.

3. The Court will rule on GN's MIL No. 3, to preclude evidence of Don Houston's punishment as a result of spoliating evidence, in connection with addressing GN's objection to Plantronics' use of Mr. Houston's deposition testimony (*see* PTO Ex. 13 ¶ 1), and in connection with resolving how spoliation will be presented at trial.

4. Plantronics' MIL No. 1, to preclude certain testimony of GN's expert Professor Elhauge, is **DENIED**. The Court already denied Plantronics' *Daubert* motion to strike the entirety of Elhauge's proposed testimony. (*See* D.I. 405; D.I. 482) Plantronics provides no persuasive basis for why the Court should reevaluate its decision. Defendant's new contention that counsel's statement about the number of PODs – which misstated Plaintiff's expert's actual number – should be treated as a binding judicial admission is unavailing. *See Anderson v. C.I.R.*, 698 F.3d 160, 167 (3d Cir. 2012) ("[T]o be binding, judicial admissions must be unequivocal.").

5. Plantronics' MIL No. 2, to exclude evidence regarding the "relevant market," is **DENIED**. To a substantial extent, this motion, too, asks the Court to reconsider its earlier decision to deny Plantronics' *Daubert* motion to strike the entirety of Elhauge's proposed testimony, for no persuasive reason. The evidence at issue in the motion is relevant and its probative value is not substantially outweighed by the competing concerns of Rule 403. Nor is the Court persuaded that the timing of GN's disclosures has so unfairly prejudiced Plantronics as to warrant the relief sought.

6. Plantronics' MIL No. 3, to exclude certain evidence and argument relating to document production or spoliation of evidence, is **DENIED WITHOUT PREJUDICE** to renew after the Court rules on how spoliation is to be handled at trial. The Court observes that "GN

2

does not anticipate arguing or presenting evidence to the jury on any of those topics" identified in Plantronics' motion. (D.I. 490-11 at 63 of 69) However, GN properly "reserves the right to argue and/or present evidence as to any of the [identified] topics in cross-examination should Plantronics' direct examination open the door to such evidence." (*Id.*) Should GN feel the "door has been opened," it must first provide notice to Plantronics and the Court if it intends to use such evidence on cross-examination, and Plantronics may then renew its objections.

Having identified additional disputes in the PTO, **IT IS FURTHER ORDERED** that:

- When disclosing deposition testimony intended to be presented before the jury, the parties shall also indicate whether (if to be played as opposed to read) they will play "subtitles" depicting the text as well, and the other side shall indicate whether it objects to the subtitles.

- Plantronics' proposals (PTO at 12) that the parties exchange demonstrative exhibits for opening and objections thereto at 7:00 and 10:00 p.m. the night before opening statements is **ADOPTED**.

- Having reviewed the PTO, and given the Court's familiarity with the disputed issues to be presented to the jury, the parties are each allocated a total of twelve (12) hours for their trial presentations, given how the Court calculates time. Trial will be held, subject to the parties' time limits, between 8:30 a.m. and 4:30 p.m. on October 11, 12, 13, 16, 17, and 18. Counsel shall appear at 8:30 a.m. each morning; the jury will be available at 9:30 on October 11 and 9:00 on each succeeding day.

- Provided that the parties jointly propose an instruction for the Court to read to the

jury, the Court will, as the parties request, instruct the jury not to give consideration to confidentiality designations on certain exhibits. (PTO at 16)

- The proposed juror questionnaire (PTO Ex. 15) is **APPROVED**, provided the parties contact the Court's jury administrator and comply with any instruction and guidance given to them by her. Voir dire, which will take place in the courtroom at sidebar, will involve limited, if any, follow-up by counsel.

---
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE